## Edward Gorey, Appellee, v. Illinois Central Railroad Company, Appellant.

1. INSTRUCTIONS—*when should be accurate.* If the evidence on material questions is sharply conflicting and the question of liability a close one, the jury should be accurately instructed.

2. INSTRUCTIONS—*when defective on question of assumed risk cured.* Notwithstanding an instruction upon the issue of assumed risk may be defective, such defect may be cured by the contents of other given instructions.

3. INSTRUCTIONS—*when refusal of proper, ground for reversal.* If a good instruction upon a material issue is refused, a reversal will be ordered if such instruction is not substantially embodied in other given instructions.

4. EVIDENCE—*as to what expert testimony competent.* Held, that opinion evidence was competent to show that the degree of violence or the suddenness with which a train is stopped when a hose bursts depends upon the amount of air in the train.

Action in case for personal injuries. Appeal from the Circuit Court of East St. Louis; the Hon. MORTIMER MILLARD, Judge, presiding. Heard in this court at the February term, 1909. Reversed and remanded. Opinion filed February 11, 1910.

KRAMER, KRAMER & CAMPBELL and JOHN G. DRENNAN, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This cause was tried on a declaration of two counts, the third count having been dismissed during the progress of the trial.

It is complained in the first count that appellant had at its yards in East St. Louis certain switching and inspection crews whose duties were to make up trains there and to examine and inspect the cars and appliances of trains and to see they were in proper repair and condition before the trains were allowed to leave the yards; that the switching crew made up a train consisting of an engine, fifty-one cars and a

caboose; that the engine was equipped with a power driving wheel brake and the cars with train brakes; that attached to the floor of each of the cars lengthwise was a steel pipe on each end of which was a rubber hose; that on the ends of the hose appliances were attached so when cars were coupled, the hose could be connected forming a connected pipe or air line from the engine to the caboose; that by a compresser on the engine controlled and regulated by the engineer, air was compressed and forced through the pipe line and the speed of the train thereby controlled and regulated; that by the rules of appellant the engineer was required to maintain sufficient air in the pipe or air line to give a pressure of seventy pounds to the square inch therein for the practical and safe operation of the train and that when the train was made up the inspectors were required by the rules to have the engineer apply to the pipe or air line a sufficient volume of compressed air to give seventy pounds pressure therein to test the strength of said line and its connections.

It was further averred that appellant had a car in the train, being the fourteenth car from the engine, having as part of its pipe or air line a rubber hose which was old, cracked, rotten and insufficient to stand such test which could have been ascertained by inspection or by such test; that the inspectors, after the train was made up, negligently failed to inspect the said hose and to require the engineer to make the test aforesaid which would have determined the insufficient strength of said hose.

It was further averred appellee was employed by appellant as a brakeman and while riding on the caboose of said train with due care after it left the yards and while the train was running at a speed of ten miles an hour and while said pipe or air line was carrying a volume of air equal to seventy pounds pressure to the square inch in consequence of the failure of the inspectors to examine and inspect said hose and to subject it to the required test, the hose burst and

the train became separated whereby the automatic action of the air checked the speed of the cars in front of the break having such equipment in good order as well as those in the rear having such equipment in good order, in consequence of which the caboose upon which appellee was, and other cars immediately ahead of it that did not have such equipment in good working order, were violently and with great force allowed to collide with each other causing the caboose to violently lurch and rebound backward throwing appellee from the caboose to the ground whereby he was injured.

The second count avers the engine and fifty-one cars in the train were equipped with brakes to be operated by the application of compressed air so that if in good order and repair the speed of the train could be controlled by the engineer and so that sections and cars of the train would not violently collide with each other in the event of a separation of the train; that the practice and custom of appellant required seventy-five per centum of the cars in the train to be equipped with brakes in good repair and condition in order that the speed of the train could be controlled and regulated by the engineer with the application of compressed air to the brakes; or by the automatic action of the braking appliances and air on the brakes in the event of the separation of the train.

The breach averred is that contrary to such practice and custom said train was made up by the switching the crew and inspectors with only twenty-five per centum of the cars so equipped with brakes in good condition and repair, thereby rendering of no effect the automatic action of the appliances and air on said brakes or sections and cars of the train when separated, whereby and as a consequence of such failure of said crew and inspectors when the train separated while running at a speed of ten miles an hour the caboose upon which appellee was and the cars ahead of it which were not so equipped were allowed to run and violently collide with each other and by means of the

collision the caboose was thrown upward and backward a distance of ten feet or more and appellee was thereby thrown from the caboose and injured.

A large amount of testimony was introduced, the weight of which as we view the present state of the record it is not now necessary or proper to discuss or determine.

The evidence on material questions was sharply conflicting and the question of liability was a close one. Under such circumstances the record should be free from errors in law and the ruling upon instructions given and refused should be accurate.

Numerous errors are assigned by appellant in this regard and as the case must be remanded for another trial we deem it proper to point out such errors as they occur to us so they may be obviated.

Opinion evidence was admitted by the court over appellant's objection to show that the degree of violence or the suddenness with which a train is stopped when a hose bursts, depends upon the amount of air in the train. It is insisted this testimony is not proper expert testimony, but we are of opinion that whatever weight the testimony carried, it was admissible. It tended in some degree to show a material fact and it was upon a matter that we think does not lie within the common experience and observation of men generally in the ordinary walks of life and who are not familiar with the use of air in a train and its effect upon the train in case the air line is disrupted. Those who are by experience familiar with its use and effects are better qualified to know and understand its effects upon the train in case of a sudden bursting of the hose than those not familiar with it and to that extent the evidence was admissible, but to permit such witness to testify that a person upon the train would not be thrown down in case of such bursting if seventy-five per cent of the cars had been equipped with air in good working order was not we think a subject for expert testimony; whether a man would be thrown or not may depend upon many other conditions than

those resulting from the bursting of the hose under any given condition.

Upon examination of the opinion testimony we see no substantial objection except as above pointed out. Criticism is made of the third, fourth and fifth instructions given on behalf of appellee. The third instruction tells the jury that if appellee has proved his case as alleged in either count of his declaration and was guilty of no negligence at or immediately before his injury contributing thereto and did not assume the risk of injury while assisting in the operation of the train, the jury should find for appellee.

The objection urged is that the first count of the declaration does not allege that appellee did not know the inspection had not been made and alleges only that appellee had no notice of the condition of the hose and that the second count does not allege that appellee did not know and that by reasonable care he could not have known that seventy-five per cent of the cars were not equipped with air in good working order and condition and that the instruction does not in any way negative these propositions that he did not know or by the exercise of care could not have known of these defects; and that that portion of the instruction that if the jury believed he did not assume the risk, is not sufficient to cover these points. In the absence of an instruction defining the assumption of risk we think the instruction in this respect is defective but on examination of the whole series, the assumption of risk in this regard seems to be defined sufficiently in the several instructions given on behalf of appellant to cover these points. What has been said with reference to the third instruction applies to the fourth and fifth complained of.

The court refused the following instruction asked by appellant:

"The court instructs the jury that even if you believe from the evidence that seventy-five per cent of the cars in the train in question were not equipped with air brakes in good working order, yet the plaint-

iff cannot recover under the second count of his second amended declaration unless you believe that such failure to have seventy-five per cent of said cars in said train equipped with air brakes in good working order was the direct and proximate cause of the injury received by plaintiff.''

It is argued that the fifth instruction given for appellant stated the same principle. It was as follows:

''The court instructs the jury that if you believe from the evidence that seventy-five per cent of the cars in question were equipped with power or train brakes in good working order or repair when the train in question left its starting point at East St. Louis then the plaintiff cannot recover under the second count of his second amended declaration.''

It is apparent from reading these instructions the proposition contained in the refused instruction is not embraced by the latter one. By the second count of the declaration if seventy-five per cent of the cars were equipped with air in working order, appellee could not recover without regard to the question of proximate cause and the latter instruction is based on that proposition. By the refused instruction although they were not so equipped, unless that failure was the proximate cause of the injury, appellee could not recover under that count.

There was no other instruction covering the refused instruction and as it was material, it was error to refuse it.

We think there was no substantial error in the court ruling on special interrogatories asked and given. After a careful examination of this record, we have pointed out the material errors which may be obviated in another trial as they occur to us, and for the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*